# Milo Covel

v.

# Edwin Benjamin et al.

*Contracts, Written and Oral—Patent Rights—Assignment—Partnership—Evidence.*

1. All oral negotiations and agreements between parties, which precede the reduction of their contract to writing, will be treated as merged in the writing, and where a writing expresses certain things to be performed by one party upon a consideration moving from the other, it is not competent to prove by parol that some other thing, in addition to those stated in the writing, was also and before or at the time of the making of the writing, agreed to be performed upon the same consideration.

2. Evidence is admissible to show that part only of a contract was reduced to writing, and parol evidence may be introduced to supply the rest of the agreement.

3. An assignment by less than the full number of the members of a given firm, of patents owned by it, conveys only their interests therein after the payment of the partnership debts.

4. Upon a contention touching the assignment of interests in certain patent rights, it being claimed by the assignee that a certain written contract did not fully express the arrangement between the parties, and that the subsequent assignment to him of certain claims against third persons named, was upon the same consideration as the agreements and undertakings contained in the said written contract, this court declines to interfere with the decree of the trial court, holding that said written contract contained the whole agreement of that date, and that at that time no agreement to assign said claims was entered into.

[Opinion filed January 22, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Messrs. W. W. Gurley and William Garnett, Jr., for appellant.

Mr. F. W. Parker, for appellees.

Moran, J. The main subject of contention between the parties in this litigation relates to their respective rights and interests in certain letters patent for improvements in machines for sharpening saws.

The record in the case is very voluminous, the contentions of the parties varied, and the facts involved, and no attempt will be made here to state in detail the testimony of different witnesses, or the contradictions and inconsistencies which appear to be characteristic of the evidence given by each of the parties in interest.

The turning point in the controversy relates to the question as to whether certain written contracts which were executed on May 17, 1886, between appellant and appellees, Litchfield and Benjamin, contained all the agreements that were entered into at that time. Appellant's contention is, that some days prior to the execution of such written contract, negotiations were had and agreements made between himself and said appellees, and that said written contracts do not contain or fully express the arrangement between the parties; that in addition to the assignment of said appellees' respective interests in the certain letters patent in said written contracts mentioned, said appellees respectively agreed to assign to complainant certain claims which they held against the firm of Halladay, Litchfield & Co., which said agreement was upon the same consideration as the agreements and undertakings in the said written contracts of May 17th contained.

Written assignments conveying said claims were executed by said Litchfield and Benjamin in November, 1886, and while it is not pretended that any new or independent consideration passed from complainants for such written assignments, it is sought to connect them with the transactions of May 17, 1886. The master heard testimony at large as to what was the settled agreements of May 17, 1886, and reached the conclusion that the written contracts of May 17th contained the whole agreement of that date between the parties, and that there was at that time no agreement made by Litchfield and Benjamin to assign claims held by them or either of them against the firm of Halladay, Litchfield & Co. This view of the matter was confirmed by the decree entered by the court upon the hearing and, after a careful examination of the record and a consideration of the arguments of counsel, we are of the opinion that the conclusion was right, whether treated as a question of law or a question of fact.

Covel v. Benjamin.

It is a well settled rule of law that all oral negotiations and agreements between parties, which precede the reduction of their contract to writing, will be treated as merged in the writing, and that where a writing expresses certain things to be performed by one party, upon a consideration moving from the other, it is not competent to prove by parol, that some other thing in addition to those stated in the writing, was also and before or at the time of the making of the writing, agreed to be performed upon the same consideration. Therefore, if the court went upon this rule of law and disregarded all the evidence offered, as tending to add to the terms of a written instrument, the ruling was right. But if, as counsel for appellant contends, it was not intended by the evidence to change the terms of the written contract, but to show that part only of the contract of the parties, was reduced to writing, and to supply, by parol evidence, the rest of the agreement, and we assume that course to be legally admissible, we are satisfied that the proof failed to show the contract to assign the claims on which complainant relies. The patents owned by Halladay, Litchfield & Co. were the property of the firm, and not the individual property of the respective persons constituting said firm, and the assignments of Litchfield and Benjamin to complainant, made in November, 1886, if binding upon them as individuals only, conveyed their interest in the firm patents after the payment of the partnership debts.

It would serve no useful purpose to discuss other points in the controversy.

The decree of the Superior Court was right, and will therefore be affirmed.

*Decree affirmed.*

GARNETT, J., took no part in the consideration of this case in this court.